so doing, either by abandoning the land or by specific repudiation of personal liability, or by in any manner indicating to plaintiff their intention of changing his relations, they accepted it as an inheritance from their father, subject to the annual charge which he had theretofore met; they enjoyed its benefits, and under the law they thereby impliedly promised to pay the legacy of plaintiff as it became, from time to time, due. This obligation was met until the sale to defendant.

He thereafter, for many years, without question or objection, accepted and enjoyed the provisions made by his grandfather for the original devisees whose direct successor in interest he was. This he did with full knowledge of the interest charge reserved for the benefit of plaintiff, and by his voluntary payments of that interest as it became due he acquiesced in and ratified the rights of plaintiff. His situation differs from that of his father only in this, while the father was obligated personally for the payment of the interest upon an actual promise, this defendant has become so obligated by the implied promise involved in his acceptance of the benefits of the original devise.

I think this conclusion to be not only within the law as stated in the cases hereinbefore referred to, but to be equitable as between the parties. Defendant and those under whom he claims having during all these years, when it was concededly profitable, retained for themselves the use and benefit of the land, ought not now to be permitted to stand aside and allow the burden of an anticipated loss to fall upon the plaintiff, especially when he is the one whom their common ancestor so carefully sought to guard against loss.

In view of a comment of counsel upon the trial, it is proper, also, to say that the question of the payment after the death of plaintiff of the $3,000 of principal has not been considered, and my conclusion here is not an expression of opinion upon that subject.

Judgment directed for plaintiff, with costs.

---

(73 Misc. Rep. 563.)

### TOWNSEND v. BOARD OF SUP'RS OF SENECA COUNTY.

(Supreme Court, Special Term, Seneca County. October, 1911.)

JUDGES (§ 22*)—COMPENSATION—EXPENSES.

In the absence of specific authority of the board of supervisors to a surrogate to hold court at one of the county seats of his county, which is not the place of his residence, he is not entitled to be paid his expenses in addition to his salary.

[Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 75–88; Dec. Dig. § 22.*]

Application by Charles G. Townsend for a writ of mandamus to the Board of Supervisors of Seneca County. Denied.

J. N. Hammond, for plaintiff.
Edwin A. Nash, for defendant.

SAWYER, J. Section 2505 of the Code of Civil Procedure provides that a surrogate must attend at his office upon Monday of each

week, except during the month of August, and must also execute his duties at such other times and places within his county as the public convenience requires. It is left to the surrogate to fix the location of his office; and this plaintiff, by his order filed and entered in the Seneca county clerk's office, January 3, 1908, provided, among other things, as follows:

"As surrogate, I will be in attendance for the transaction of business at the village of Waterloo, every Monday in the year, except during the month of August, and at other times at my office in the village of Interlaken."

By this order he fixed and designated his office, as contemplated in section 2505, in the village of Waterloo, which is one of the county seats of Seneca county, and thereafter was required to attend there upon each Monday. He evidently intended to comply with the other mandate of the section by fixing his home at Interlaken as the other place where public convenience compelled his attendance. Can he now recover, in addition to his salary, the fees provided for by section 2567 of the Code of Civil Procedure, or, in lieu thereof, his actual expenses incurred for attendance upon this statutory Monday term of his court?

As I read the law, in consideration of the salary to be paid to him, a surrogate must do the things which are required of him by section 2505. He cannot recover therefor any additional fees, compensation, or reimbursement of expenses, unless some specific provision of law warrants such recovery. No authority allowing payment to him of fees exists, unless it can be found in the provisions of section 2567 of the Code. Subdivision 1 of this section provides that the surrogate may, under certain circumstances, charge and receive *to his own use* certain fees. Subdivision 2 provides that he must charge and receive for *the use of his county certain fees.* Reading the section in its entirety, its intent is to my mind evident. It does not contemplate that fees in addition to his compensation shall be paid him *by the county,* but only that he may, as provided therein, charge in individual instances the persons doing business in his court certain fees, part of which he may receive to his own use, and part of which he must pay over to the proper authorities for the benefit of the county. Under the first subdivision he may, when called upon to take the testimony of an aged, sick, or infirm witness within his county, as provided in section 2539, or where he is called upon to take the evidence of a witness in his county for use in the Surrogate's Court of another county, as provided in section 2540, or where the convenience of some particular witness, or party, will be better suited by his going elsewhere, charge and receive, not from his county, but from the party upon whose application he acts, the fees provided in that section.

I have made diligent search, but am unable to find any case in which the power of the Legislature to enact this particular provision has been passed upon. Section 20 of article 6 of the state Constitution provides that no judicial officer, except justices of the peace, shall receive to his own use any fee or perquisite of office; and it would seem as if this particular subdivision was squarely in conflict with that

constitutional prohibition. Whether this be so or not, my conclusion is that this relator cannot, under its authority, charge and receive *from his county* the fees therein specified.

Can he recover the *moneys actually expended* in attendance upon the duties of his office in the village of Waterloo? Subdivision 9 of section 230 of the county law, as amended by chapter 74 of the Laws of 1906, seems to dispose of this question. It is there provided that the necessary expenses of a surrogate incurred in holding court *by authority of the board of supervisors,* at a place, or places, other *than the county seat or place of residence* of such officer, shall be a county charge. By the well-understood rule of construction, it follows that his expenses in holding court at the county seat, or at his place of residence, or at a place not specifically authorized by the supervisors, are not county charges, and therefore cannot be audited and paid by the board of supervisors.

I, therefore, am of the opinion that defendant properly refused to audit and pay relator's bills for mileage fees and disbursements.

Petition for writ dismissed, and motion denied.

Motion denied.